LeEthyl JENKINS and Roosevelt Harrison, Plaintiffs-Appellants,

v.

CADDO–BOSSIER ASSOCIATION FOR RETARDED CHILDREN, Defendant-Appellee.

No. 76–1878.

United States Court of Appeals, Fifth Circuit.

April 6, 1978.

---

* Senior District Judge of the Northern District of Alabama, sitting by designation.

Frank E. Brown, Jr., Shreveport, La., for plaintiffs-appellants.

Thomas J. Wyatt, Shreveport, La., for defendant-appellee.

Before, HILL, RUBIN, and VANCE, Circuit Judges.

PER CURIAM:

The trial court having rejected plaintiffs' claims of racial discrimination in connection with their employment, based on 42 U.S.C. §§ 1981 and 1983, and Title VII, 42 U.S.C. § 2000e, petitioners appeal. We agree with the trial court's finding that the evidence does not support appellants' charges of racial discrimination, and we therefore affirm.

The three plaintiffs, all Black, alleged that their employer, the Caddo-Bossier Association for Retarded Children (C–BARC), had discriminated against them on account of their race. C–BARC, a non-profit corporation, operates a sheltered workshop for mentally handicapped adults at which the persons who participate in the program perform paid contract work for private businesses. It employs approximately 26 people to operate the workshop and instruct participants. Each of the plaintiffs was employed as a "supervisor" or "instructor" in the sheltered workshop. Two of the original three plaintiffs are before us on appeal.

Mrs. LeEthyl Jenkins alleges she was subjected to harassment on the job, and was subsequently discriminatorily discharged on March 15, 1973. C–BARC's Executive Director testified that he made the decision to terminate Mrs. Jenkins because of her inability to get along with her fellow employees and her poor work performance. The trial court concluded that there was no evidence to support Mrs. Jenkins' claims that she had been either harassed or discharged because of her race. This conclusion was supported, in part, by the fact that Mrs. Jenkins was replaced by a black employee and the additional fact that a white employee had been discharged for similar reasons.

Appellant Roosevelt Harrison contends that, because of his race, he was denied promotion on three separate occasions. The trial court found that Harrison did not establish he was discriminated against because of his race and that racial considerations played no part in the filling of the jobs in question.

■ The criteria for proof of discrimination in employment have been set forth by this court in a number of opinions. As summarized in *McDonnell Douglas Corp. v. Green,* 1973, 411 U.S. 792, 93 S.Ct. 1817, 36 L.Ed.2d 668, and recently applied in this circuit in *Corley v. Jackson Police Dept.,* 5 Cir. 1978, 566 F.2d 994, and in *Adams v. Reed,* 5 Cir. 1978, 567 F.2d 1283, p. 1285 (1978), the complainant must carry the initial burden of establishing a *prima facie* case of racial discrimination by showing he belongs to a protected minority. The burden then shifts "to the employer to articulate some legitimate, nondiscriminatory reason for the employee's rejection." *McDonnell Douglas Corp. v. Green, supra,* 411 U.S. at 802, 93 S.Ct. at 1824.

■ We assume that there was sufficient proof to carry Mr. Harrison's case over the threshold. The employer, however, succeeded in meeting its burden. When the higher positions became vacant, there were, apparently, only two or three persons who were eligible for the appointments. The person charged with responsibility for filling the vacancies knew each employee intimately and also was in a position to evaluate other applicants personally. There was evidence that this executive had reason to, and did, reach a good faith judgment, based on Mr. Harrison's job performance, that Mr. Harrison was not qualified for the promotion. The trial court credited this testimony.

■ After thorough and careful review of the record, we find more than substantial evidence in support of the trial court's conclusions. Harrison contends that C–BARC's Executive Director used subjective criteria in filling each of the positions sought by Harrison. It is evident that, at least in part, he did so. But C–BARC is a small organization, and its Executive Director knew each of the employees personally and was fully familiar with their work. Under these circumstances, it would have been impractical, and, perhaps, foolish, to attempt to administer tests and formulate objective criteria for hiring and promotion. The standards that are suitable and practical for large organizations cannot be made a Procrustean bed for small ones.

■ Hiring and promoting employees based on one person's subjective evaluation of their abilities has the obvious potential for allowing racial prejudice to affect promotion and hiring decisions, and any such system must be carefully scrutinized for abuse. The employer who does so bears the burden of showing non-discrimination by a preponderance of the evidence. The trial court performed its task of evaluating the evidence according to this standard carefully and fairly. Therefore, the judgment is AFFIRMED.