Dallastown Area School District, Petitioner *v.* Commonwealth of Pennsylvania, Pennsylvania Human Relations Commission, Respondent.

Argued January 31, 1983, before Judges BLATT, MACPHAIL and DOYLE, sitting as a panel of three.

*Daniel W. Shoemaker,* with him *William H. Poole, Jr., Shoemaker & Ness,* for petitioner.

*Michael Hardiman,* Assistant General Counsel, for respondent.

OPINION BY JUDGE DOYLE, June 1, 1983:

This matter is before us on a Petition for Review of an order of the Pennsylvania Human Relations Commission (Commission) which found discrimination by the Dallastown Area School District (District) in its treatment of Randi McCullough, a teacher employed by the District. We affirm the order of the Commission.

On September 18, 1978, McCullough informed the District that she was pregnant, expecting delivery on or about March 14, 1979, and requested the use of thirty days accumulated sick leave beginning March 1,

1979 with unpaid maternity leave to follow. In accordance with the collective bargaining agreement then in effect, McCullough provided the District with a physician's certification that after February 28, 1979, she would be unable to perform her duties as a teacher. The District granted McCullough unpaid maternity leave beginning March 1, 1979, and refused to grant her sick leave.

McCullough filed a complaint with the Commission claiming that the refusal to allow her to use the thirty days accumulated sick leave in conjunction with an unpaid maternity leave constituted discrimination. After a hearing, the Commission found that the District policy regarding maternity leave was discriminatory and ordered McCullough compensated for her thirty days accumulated sick leave. Appeal to this Court followed.

Our review is limited to a determination of whether the Commission order is in accordance with the law, and whether the findings of fact which support the order are supported by substantial evidence. *Leechburg Area School District v. Pennsylvania Human Relations Commission,* 19 Pa. Commonwealth Ct. 614, 339 A.2d 850 (1975); *J. Howard Brandt, Inc. v. Pennsylvania Human Relations Commission,* 15 Pa. Commonwealth Ct. 123, 324 A.2d 840 (1974). The District alleges error of law in the Commission's determination that its maternity leave policy is discriminatory.

The District argues that the terms of the collective bargaining agreement, which provide for maternity leave of up to one year seven months, constitute a liberal, bargained-for policy that treats pregnant teachers with great consideration. The District urges that while the agreement requires that other unpaid leaves of absence be approved by the District, maternity leave is automatically granted and may be extended at the teacher's discretion without a showing

of any medical justification. If the policy is discriminatory, the District urges, it is discriminatory in favor of pregnant teachers. We cannot agree. We grant that the allowance of up to one year seven months leave, essentially for childrearing, is generous deference to the importance of the mother-child bond during infancy. But the refusal to allow the use of accumulated sick leave in conjunction with maternity leave fails to recognize the disability caused by pregnancy, and the District's policy treats disability from pregnancy differently than other disabilities.

It is well established law in Pennsylvania that disability from pregnancy must be treated the same as any other disability. *Anderson v. Upper Bucks County Area Vocational Technical School,* 30 Pa. Commonwealth Ct. 103, 373 A.2d 126 (1977). And discrimination based on pregnancy constitutes sex discrimination proscribed by Section 5(a) of the Pennsylvania Human Relations Act.[1] *Cerra v. East Stroudsburg Area School District,* 450 Pa. 207, 299 A.2d 277 (1973); *Leechburg; Freeport Area School District v. Pennsylvania Human Relations Commission,* 18 Pa. Commonwealth Ct. 400, 335 A.2d 873 (1975).

District policy under the collective bargaining agreement provides that if an illness requiring a teacher's absence extends beyond two days, the teacher must submit a physician's certification of physical inability to perform his/her duties in order to justify the use of accumulated sick leave for that time. A pregnant teacher must also submit a physician's certification of physical inability to perform her duties, but rather than justify the use of accumulated sick leave, the opposite obtains. Under District policy, certification of disability from any cause other than pregnancy results in compensation; certification of disability from preg-

---

[1] Act of October 27, 1955, P.L. 744, *as amended,* 43 P.S. §955(a).

nancy results in the denial of compensation. We find no error in the Commission's conclusion that such disparate treatment constitutes unlawful sex discrimination.

## ORDER

Now, June 1, 1983, the order of the Pennsylvania Human Relations Commission, docketed at No. E-15236 and dated September 29, 1981, is hereby affirmed.