Anthony Reed, Appellant *v.* Miller Printing Equipment Division of Western Gear Corporation, Appellee.

Argued October 6, 1982, before President Judge CRUMLISH, JR. and Judges MACPHAIL and DOYLE, sitting as a panel of three.

*Charles E. Boyle, Campbell, Sherrard & Burke, P.C.,* for appellant.

*Richard DiSalle,* with him *Edmund M. Carney* and *Michael D. Glass, Rose, Schmidt, Dixon & Hasley,* for appellee.

OPINION BY JUDGE DOYLE, June 15, 1983:

Before this Court, is an appeal by Anthony Reed (Appellant) from a decision and order of the Court of Common Pleas of Allegheny County reversing the City of Pittsburgh Commission on Human Relations' (Commission) decision that the Miller Printing Equipment Division of Western Gear Corp. (Appellee) had impermissibly discriminated against Appellant in his employment. We affirm.

Appellant, a black male, was hired by Appellee in November of 1973 as a radial drill press operator. In the fall of 1978, Appellant bid successfully, under the terms of a collective bargaining agreement, for a position as a trainee in Appellee's gear cutting department. After seventeen days of training, however, Appellant was disqualified and returned to his prior job. A subsequent request by Appellant for a ten day extension of his training to become qualified as a gear cutter was denied. In 1979, Appellant filed a complaint with the Equal Employment Opportunity Commission which referred the matter to the Commission. The essence of Appellant's charge was that because of his

race he was not afforded either the extension in his training period permissible under the collective bargaining agreement nor the one-on-one instruction by an experienced supervisor required in the training program. Hearings were held and, in a decision dated June 10, 1981, the Commission found in favor of Appellant with respect to his charge of discrimination. The Commission ordered Appellee to:

1. Reinstate Appellant to the next available gear cutter trainee position and provide him with suitable one-on-one training, as required by the collective bargaining agreement, in an atmosphere free from discrimination;

2. Afford Appellant an additional fifteen days of training at the completion of his initial training period if requested;

3. Assign Appellant to a machine or assembly operation upon successful completion of his training and provide follow-up assistance in accordance with the terms of the collective bargaining agreement; and

4. Report compliance with the Commission's order on a quarterly basis until full compliance is achieved.

Appellee appealed the Commission's decision to the court of common pleas which, without taking additional evidence, rendered a decision reversing the Commission's order. The common pleas court grounded its decision in what it deemed as Appellant's failure to meet his burden of establishing that he possessed the essential qualifications for the training program. The appeal to this Court followed in which Appellant argues that the Commission's decision was based on substantial evidence and was without an error of law and therefore should have been affirmed.

This Court's scope of review, where, as here, the court of common pleas did not take additional evidence, is limited to a determination of whether the appellant's constitutional rights have been violated,

whether there was an error of law or whether any necessary findings of fact made by the local agency are not supported by substantial evidence. *Civil Service Commission of Philadelphia v. Saladino*, 47 Pa. Commonwealth Ct. 249, 408 A.2d 178 (1979).

In *General Electric Corp. v. Pennsylvania Human Relations Commission*, 469 Pa. 292, 365 A.2d 649 (1976), our Supreme Court, in addressing the allocation of the burdens of proof and the establishment of a prima facie case of discrimination in employment under Pennsylvania law, expressed approval for the rationale of the standard enunciated by the United States Supreme Court in *McDonnell-Douglas Corp. v. Green*, 411 U.S. 792 (1973).[1] In *McDonnell-Douglas* it was held that a prima facie case of employment discrimination is established under Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§2000e through 20003-17 where the complainant shows he is a member of a protected minority, that he applied for a position

---

[1] While adopting the rationale of *McDonnell-Douglas* for purposes of the establishing of a prima facie case, the Supreme Court specifically held in *General Electric* that once a prima facie case is established by the complainant, the burden is then on the employer to prove pursuant to Section 5(a) of the Pennsylvania Human Relations Act, Act of October 27, 1955, P.L. 744, *as amended*, 43 P.S. §955(a), that the complainant was not the best able and most competent person for the job in question. Section 5(a) reads, in pertinent part:

It shall be an unlawful discriminatory practice, unless based upon a bona fide occupational qualification...:

(a) For any employer because of the race, color, religious creed, ancestry, age, sex, national origin or non-job related handicap or disability of any individual to refuse to hire or employ, or to bar or to discharge from employment such individual, or to otherwise discriminate against such individual with respect to compensation, hire, tenure, terms, conditions or privileges of employment, *if the individual is the best able and most competent to perform the services required.* (Emphasis added.)

for which he was qualified and was rejected and that the employer continued to seek other applicants with equal qualifications. It was this standard to which Appellant was held, both by the Commission and the court of common pleas, in the case at bar and it was the common pleas court's determination that Appellant had not shown that he was qualified for the trainee's position that led to its ruling that Appellant had not established his prima facie case.

After a careful review of the record in this case, we find we must concur with the holding of the common pleas court. In so doing, however, we take care to point out that an employee alleging discrimination is not necessarily restricted to the specific criteria set forth in *McDonnell-Douglas* in order to establish a prima facie case. Our Supreme Court recognized as much when, in adopting the rationale of the standard, it stated that "the factors found in *McDonnell* to be sufficient to make out a case are not unwavering absolutes."[2] *General Electric* at 304-5 n. 11, 365 A.2d at 656 n. 11. Thus, the standard is in actuality a flexible one contingent on the peculiar factual details of a given scenario. *McDonnell-Douglas; General Electric.* *General Electric*, in fact, while a class action, provides a good example of how this is so. There a number of female complainants did *not* possess the basic qualifications for the jobs to which they aspired. It was shown, however, that while the necessary qualifications themselves constituted what was a gender-neutral employment policy, the failure of the women to possess these qualifications was the direct result of past

---

[2] The basis for the Supreme Court's comment is found in footnote 13 of *McDonnell-Douglas* where the United States Supreme Court issued the caveat: "The facts necessarily will vary in Title VII cases, and the specification ... of the prima facie proof required from ... [the complainant] is not necessarily applicable in every respect to differing factual situations. *Id.* at 802 n. 13.

discrimination by the employer for which no lawful justification was established.[3] Thus, a prima facie case was established and the employer's appointment of males to jobs sought by females with greater seniority was ultimately deemed unlawful discrimination, despite the need of many of the women for additional on-the-job-training.

Cases involving the alleged discriminatory discharge of an employee also serve as good examples of the need for flexibility insofar as the determination of whether a prima facie case has been made is concerned. In those cases, strict application of *McDonnell-Douglas* would likely prevent a complainant from satisfying his burden of proof as regards a prima facie case because the situation would, in many instances, not involve the employer's seeking of other "applicants" for the position. To obviate this problem, the courts have instead focused on whether the employer retained employees in similar circumstances as those of the complainant other than being a member of the complainant's class. Where it has, a prima facie case may be established. *See Jenkins v. Caddo-Bossier Association for Retarded Children*, 570 F.2d 1227 (5th Cir., 1978).

In the case *sub judice*, Appellant at no point has proven that he possessed the degrees of proficiency in either plan reading or basic mathematics necessary for the training program and he has admitted some deficiencies in these areas. Similarly he has also not established that any discriminatory actions by Appellee interfered with or prevented his acquisition of these skills or that anyone of another race was kept in the program despite being likewise deficient. Therefore, in light of the fact that the skills are clearly prerequisites to the program and their acquisition is not encompassed by it, we must affirm the court of common

---

[3] *See Griggs v. Duke Power Company*, 401 U.S. 424 (1971).

pleas' reversal of the Commission. Appellant has simply not established a prima facie case of discrimination in employment under any objective standard. *See United States Postal Service Board of Governors v. Aikens,* U.S. , 103 S.Ct. 1478 (1983).

ORDER

Now, June 15, 1983, the decision and order of the Court of Common Pleas of Allegheny County in the above captioned matter, No. SA 761 of 1981, dated October 9, 1981, is hereby affirmed. Appellee's Petition for Leave to Supplement Reproduced Record is denied.