99 Pa. Commonwealth Ct. 206 (1986)
512 A.2d 1339
Williamsburg Community School District, Petitioner
v.
Commonwealth of Pennsylvania, Pennsylvania Human Relations Commission and Sarah J. Bowmaster, Respondents.
No. 2590 C.D. 1985.
Commonwealth Court of Pennsylvania.
Argued May 16, 1986.
July 24, 1986.
*207 Argued May 16, 1986, before Judges BARRY and PALLADINO, and Senior Judge ROGERS, sitting as a panel of three.
Jolene Grubb Kopriva, Evey, Routch, Black, Dorezas, Magee & Andrews, for petitioner.
Ellen K. Barry, Assistant General Counsel, with her, Elisabeth S. Shuster, General Counsel, for respondents.
OPINION BY JUDGE PALLADINO, July 24, 1986:
This is an appeal by the Williamsburg Community School District (District) from an order of the Pennsylvania *208 Human Relations Commission (Commission) which directed the District to cease and desist from discriminating on the basis of sex and to pay the sum of $17,379 in back pay to Sarah J. Bowmaster (Complainant). We affirm.
In April of 1980, Complainant began working for the District as an instructional aide, and was paid through the federally funded Comprehensive Employment Training Act (CETA) at a pay rate of $3.76 per hour. In September of 1980, she was assigned to the position of cafeteria clerk. In March of 1981, the CETA funding ceased but Complainant retained her position and pay rate. She was paid one-half of her salary by the District, and one-half by the Southern Alleghenies Planning and Development Commission through an on-the-job training program.
In August of 1981, Complainant was appointed by the District as a Food Service Coordinator for the 1981-82 school year at a salary of $8,281 paid entirely by the District. This position had been certified to the Pennsylvania Labor Relations Board (PLRB) as part of the union bargaining unit. Therefore, the salary was determined by the terms of the union contract under which Complainant was designated as a full-time secretary. Simultaneously with Complainant's appointment, the District's school board directed the superintendent of schools to petition the PLRB to have the position of Food Service Coordinator removed from the bargaining unit.
In October of 1981, the school board voted to set Complainant's salary for the 1981-82 school year at $7,400, subject to PLRB approval of removal of the position from the bargaining unit. The removal, however, was not accomplished during the 1981-82 school year and Complainant continued to receive an annual salary of $8,281.
*209 Complainant's salary for the 1982-83 school year was again established in accordance with the union contract and she began the school year earning an annual salary of $10,465. In December of 1982, the PLRB decertified Complainant's position from the bargaining unit and, in January of 1983, the District's school board reduced Complainant's salary to $7,930. When Complainant's appeal to the school board to rescind its action was unsuccessful, she resigned.
On February 9, 1983, Complainant filed a complaint with the Commission against the District alleging that the District had violated Section 5(a) of the Pennsylvania Human Relations Act (Act)[1] by paying her less than her male counterparts, thereby forcing her to resign because of her sex.[2] After a Commission investigation revealed probable cause to credit Complainant's claim of discrimination, and the parties were unable to amicably resolve the dispute, the matter was scheduled for a hearing. The hearing was held before the Commission on December 13 and 14, 1984. Subsequently, the Commission issued an opinion and order in which it found that Complainant had established a prima facie case of sexual discrimination which the District was unable to rebut. Accordingly, the Commission ordered the District to cease and desist from discriminating on the basis of sex and to pay $17,379 in back pay to Complainant. It is from this order that the District appeals.
Our scope of review of a Commission order is limited to a determination of whether there was a violation of constitutional rights, an error of law, or the findings of fact are unsupported by substantial evidence. Harrisburg *210 School District v. Pennsylvania Human Relations Commission, 77 Pa. Commonwealth Ct. 594, 466 A.2d 760 (1983). Findings of the Commission will not be disturbed on appeal if they are in accordance with the law and are supported by substantial evidence in the record. General Electric Corporation v. Pennsylvania Human Relations Commission, 469 Pa. 292, 365 A.2d 649 (1976).
In this appeal the District challenges the order of the Commission on two grounds: (1) that the Commission's findings of fact are not supported by substantial evidence; and (2) that the Commission erred as a matter of law by not deducting unemployment compensation benefits received by Complainant from its award of back pay. In support of its first argument, the District does not challenge the Commission's determination that Complainant established a prima facie case of sexual discrimination.[3] Rather, the District asserts that it presented substantial evidence which proved that there was a legitimate, non-discriminatory reason for reducing Complainant's pay, thereby rebutting the presumption *211 of discrimination which arose from the establishment of the prima facie case, and that the Commission erred in rejecting this evidence.
The District's argument revolves around evidence which shows that the school board intended that Complainant initially be hired as a management employee, not governed by the terms of the union contract, at a starting salary of $7,400. The District then asserts that if its original intention to remove Complainant's position from the bargaining unit and pay her $7,400 had been timely accomplished, there would now be no cause of action for discrimination because there would have been no decrease in pay upon removal of the position from the bargaining unit. The District avers further that there was a conspiracy between Complainant and the former superintendent of schools to delay having the Food Service Coordinator position removed from the bargaining unit in order to maintain Complainant's salary at the higher union rate. Our thorough review of the record reveals that this averment is completely without support.
Although the record does support the District's position that the school board intended to have the position removed from the bargaining unit simultaneously with its appointment of Complainant, we agree with the Commission that this does not rebut Complainant's prima facie case of sexual discrimination. Contrary to the District's assertions, if Complainant had been hired initially at a salary of $7,400, she might have successfully challenged the lower pay rate as discriminatory in view of the significantly higher salaries paid to her male counterparts. The facts as they exist indisputably show that when Complainant's position was removed from the bargaining unit, her salary was decreased. However, when the positions of two male supervisors were removed from the bargaining unit, their salaries were increased *212 substantially.[4] To attempt to ascertain what the situation would have been if Complainant were originally hired by the District as a non-union employee at a pay rate of $7,400 is mere speculation which is not a proper inquiry for the Commission or this Court and cannot serve as a basis for a decision in this case. Our careful review of the record leads us to conclude that the findings of the Commission are supported by substantial evidence. Therefore, we must reject the District's first challenge.
We must also reject the District's second challenge, that the Commission erred by not deducting unemployment benefits received by Complainant from its award of back pay. The Commission is given wide discretion in fashioning remedies where unlawful discrimination has been proven. Pennsylvania Human Relations Commission v. Alto-Reste Park Cemetery Association, 453 Pa. 124, 306 A.2d 881 (1973); Einstein Medical Center v. Pennsylvania Human Relations Commission, 87 Pa. Commonwealth Ct. 145, 486 A.2d 575 (1985). The reason that the commission has been given such discretion is that the back pay award serves the dual purpose of discouraging discrimination and of restoring the injured party to his or her pre-injury status. In the case at bar the Commission reasoned that Complainant is not receiving a windfall from its refusal to reduce the back pay award because it did not award her front pay, which she requested and legitimately could have received. We find no error of law or abuse of discretion in the remedy awarded by the Commission.
*213 Accordingly, the order of the Commission is affirmed.

ORDER
AND NOW, July 24, 1986, the order of the Pennsylvania Human Relations Commission, at Docket No. E-24780D, dated August 28, 1985, is affirmed.
NOTES
[1] Act of October 27, 1955, P.L. 744, as amended, 43 P.S. §955(a).
[2] The Commission found that Complainant was constructively discharged because she was forced to resign by the decrease in pay. This finding is not challenged on appeal.
[3] A prima facie case of discrimination is established by proving that a complainant is a member of a protected class, has suffered adverse employment action, and that others not in the class have been treated differently. Reed v. Miller Printing Equipment, Division of Western Gear Corporation, 75 Pa. Commonwealth Ct. 360, 462 A.2d 292 (1983). In the case at bar the Commission found, and the District does not contest, that Appellant established a prima facie case because she proved that she is a member of the protected class of females, that she suffered adverse employment action in having her salary cut, and that male managerial employees, when their positions were removed from the bargaining unit, did not have their salaries cut but instead received pay increases. Once a prima facie case of discrimination is established, a rebuttable presumption arises that the employer unlawfully discriminated against the complainant. Caterpillar Tractor Company v. Pennsylvania Human Relations Commission, 78 Pa. Commonwealth Ct. 86, 466 A.2d 1129 (1983).
[4] The salary of the Supervisor of Maintenance was raised from $6,610 to $9,000 when his position was removed from the bargaining unit in January of 1980. The salary of the Supervisor of Custodians was raised from $9,733 to $11,000 when his position was removed from the bargaining unit in January of 1980.