**Tamara R. JOHNSON**

v.

**PROVIDENT NATIONAL BANK.**

Civ. A. No. 87–2423.

United States District Court,
E.D. Pennsylvania.

Sept. 26, 1988.

Mark S. Guralnick, Broomall, Pa., for plaintiff.

Walter Weir, Jr., Susan Verbonitz, Philadelphia, Pa., for defendant.

## MEMORANDUM AND ORDER

JAMES McGIRR KELLY, District Judge.

Presently before this court is defendant Provident National Bank's motion to dismiss pursuant to Fed.R.Civ.P. 12(b)(6) or in the alternative for partial summary judgment pursuant to Fed.R.Civ.P. 56(c). Because Provident has presented on its motion to this court matters outside the pleadings, the motion will be treated as a motion for summary judgment. *See* Fed.R.Civ.P. 12(b).[1]

Plaintiff Johnson was employed by defendant Provident National Bank for approximately five years as a systems coordinator, but after Johnson left Provident on maternity leave, Provident failed to reinstate Johnson to her former position or any position with Provident. Johnson is suing her former employer on the grounds of sex discrimination under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq*, and on pendent state law claims.[2] Provident has moved for partial summary judgment against Johnson on Counts I, IV, V, VI and VII of Johnson's complaint. For the reasons discussed below, Provident's motion for partial summary judgment will be granted in part and denied in part.

Rule 56(c) sets out the standard this court must follow in resolving Provident's motion for partial summary judgment.

Summary judgment "shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed.R.Civ.P. 56(c). The inquiry regarding whether a genuine issue of material fact exists has been defined by the United States Supreme Court as requiring a determination whether "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248, 106 S.Ct. 2505, 2510, 91 L.Ed.2d 202 (1986).

The Supreme Court explained the allocation of burdens between the moving and nonmoving parties on a motion for summary judgment in *Celotex Corp. v. Catrett*, 477 U.S. 317, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986). The court stated that "a party seeking summary judgment always hears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of 'the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any,' which it believes demonstrate the absence of a genuine issue of material fact." *Id.* at 323, 106 S.Ct. at 2553. Furthermore, "the plain language of Rule 56(c) mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Id.* at 322, 106 S.Ct. at 2552–2553.

■ In Count I of her complaint, Johnson alleges that Provident denied her ac-

---

**1.** Plaintiff Johnson has also presented additional matters outside the pleadings in her response to Provident's motion, and in her memorandum of law in opposition to Provident's motion requests the court to treat the motion as one for summary judgment.

**2.** In Johnson's second amended complaint, filed April 8, 1988, she asserts, in Counts I through III, violations of 42 U.S.C. § 2000e–2 (1982).

Johnson's additional claims include: in Count IV, a claim against Provident for violating Pa. Stat.Ann. tit. 43 § 955(a) (Purdon Supp.1988); in Count V, a claim for wrongful discharge and breach of employment agreements; in Count VI, a claim for breach of the implied covenant of good faith and fair dealing; and in Count VII, a claim for intentional infliction of emotional distress.

cess to training opportunities while granting similarly situated male employees access to such training opportunities, and that this conduct constitutes sex discrimination under Title VII of the Civil Rights Act.[3] Provident has moved to dismiss this count, contending that Johnson has failed to exhaust administrative remedies. Generally, an aggrieved person must file a charge of discrimination with the Equal Employment Opportunity Commission ("EEOC") or a proper state or local agency within a specified period of time. *See* 42 U.S.C. § 2000e–5(e) (1982). The aggrieved person may bring a civil action against the respondent named in the charge, when notified of the right to sue by the EEOC. 42 U.S.C. § 2000e–5(f)(1) (1982). Provident does not contest Johnson's compliance with these administrative prerequisites regarding the discrimination claims contained in Counts II and III, relating to discrimination based on Johnson's pregnancy and maternity leave. Provident, however argues that the charge Johnson filed with the Philadelphia Commission on Human Relations ("RCHR"), which was subsequently referred to the EEOC, contained no allegation of discrimination in training opportunities. Provident's contends, therefore, that this court has no jurisdiction over the training discrimination claim embodied in Count I.

The United States Court of Appeals for the Third Circuit has stated that "[t]he relevant test in determining whether [a plaintiff] was required to exhaust her administrative remedies ... is whether the acts alleged in the subsequent Title VII suit are fairly within the scope of the prior EEOC complaint, or the investigation arising therefrom." *Waiters v. Parsons*, 729 F.2d 233, 237 (3d Cir.1984).

■ Upon consideration of the initial charge Johnson filed with the PCHR, alleging discrimination in failing to reinstate her after her maternity leave,[4] and the subsequent allegations in her Title VII action of discrimination in access to training, I cannot conclude that the "acts are so unrelated that the EEO agency investigators would not have reasonably been expected to investigate these ... incidents in the course of the investigation." *Gemmell v. Meese*, No. 85–5711, slip op. at 4 (E.D.Pa. May 29, 1986) [1986 WL 6226]. Therefore, I find that a genuine issue of material fact does exist regarding Johnson's failure to exhaust her administrative remedies for her training discrimination claim, and Provident's motion for summary judgment on Count I will be denied.

■ Johnson alleges in Count IV of her complaint that Provident discriminated against her by failing to reinstate her after her maternity leave, while allowing similarly situated male employees to return to their jobs after leaves of similar length. Johnson claims that this conduct was a violation of 43 Pa.Stat.Ann. tit. 43, § 955(a) (Purdon Supp.1988).

Provident contends that Johnson has failed to allege an essential element of a prima facie case of sex discrimination under section 955(a), in that Johnson was not replaced by a male, but rather by another female. An alternative standard for establishing a prima facie case of sex discrimination under Pennsylvania law was set forth in *Reed v. Miller Printing Equip.*, 75 Pa. Commw. 360, 365, 462 A.2d 292, 294 (1983). In *Reed*, the court stated that a flexible inquiry may focus "on whether the employer retained employees in similar circumstances as those of the complainant other than being a member of the complainant's class." *Id.; see also Dallastown Area School Dist. v. Pennsylvania Human Relations Comm.*, 74 Pa.Commw. 560, 563, 460 A.2d 878, 880 (1983) ("disability from pregnancy must be treated the same as any other disability").

---

3. *See* 42 U.S.C. § 2000e–2(d) (1982).

4. In the "Statement of Particulars", a part of the PCHR complaint form, and incorporated by reference on the EEOC complaint form, Johnson alleges that Provident "did not return her to her former position" and that she was told "that her job was filled because classes for MAC ... were to begin in 2/84. The classes did not, in fact, begin until 7/84." Defendant's Motion to Dismiss, Exhibit D (filed April 28, 1988).

In plaintiff's answers to defendant's interrogatories, attached as Exhibit F to defendant's cross motion for sanctions filed on February 29, 1988, Johnson stated that male employees of Provident who took medical leaves of absence returned to the same or similar jobs. Therefore, it is not clear that there is no genuine issue as to the fact of disparate treatment of maternity leaves and other disability leaves, and Provident's motion for summary judgment on Count IV will be denied.

In Count V of her complaint, Johnson alleges that Provident's failure to reinstate her after her maternity leave was a breach of a written agreement and a breach of policy books, handbooks, and other procedures generally applied in termination of employees. Provident has moved for summary judgment on these claims, pointing to a complete failure of proof of the existence of such agreements, handbooks or procedures.

Under Pennsylvania law, the employment relationship is at-will, meaning that an employee can be fired at any time for any or no reason, and this rule may only be overcome by the existence of an employee handbook where "it contains evidence of the employer's intention to be legally bound and to convert an at-will employee into an employee who cannot be fired without objective just cause." *See Martin v. Capital Cities Media, Inc.*, 354 Pa.Super. 199, 511 A.2d 830, 841 (1986); *see also Engstrom v. John Nuveen & Co., Inc.*, 668 F.Supp. 953, 957 (E.D.Pa.1987). Because Johnson has failed to point to any facts showing the existence of any employment agreement, written or oral, express or implied, and has relied only on the allegations in her complaint, she has failed to designate "specific facts showing that there is a genuine issue for trial." Fed.R.Civ.P. 56(e); *see Celotex Corp. v. Catrett*, 477 U.S. 317, 322, 324, 106 S.Ct. 2548, 2553, 91 L.Ed.2d 265 (1986).

Johnson further alleges in Count V of her complaint that Provident's failure to reinstate her after her maternity leave gave rise to a tort claim for wrongful discharge. An at-will employee has a claim for wrongful discharge under Pennsylvania law where the termination violates a significant and recognized public policy or where the employer acted with specific intent to harm the employee. *Engstrom*, 668 F.Supp. at 958 (*citing Novosel v. Nationwide Ins. Co.*, 721 F.2d 894 (3d Cir.1983); *Geary v. United States Steel Corp.*, 456 Pa. 171, 319 A.2d 174 (1974)).

No common law wrongful discharge action based on public policy grounds is available to a plaintiff under Pennsylvania law where the public policy asserted is embodied in the Pennsylvania Human Relations Act, because of the availability of other remedies under state law. *Wolk v. Saks Fifth Avenue, Inc.*, 728 F.2d 221, 223–24 (3d Cir.1984); *Bruffett v. Warner Communications, Inc.*, 692 F.2d 910 (3d Cir.1982). Since Johnson has failed to point to the existence of any specific policy, other than impliedly relying on the policy stated in the Pennsylvania Human Relations Act, Provident is entitled to summary judgment on the public policy wrongful discharge claim.

As to Johnson's assertion of a claim for wrongful discharge based on specific intent to harm, Pennsylvania law requires either that an absence of valid justification for the discharge be shown, to allow an inference of maliciousness, or that evidence of an ulterior purpose be presented, consisting of a demonstration of excess harmful behavior in discharging the employee beyond that necessitated by the discharge. *Tourville v. Inter–Ocean Ins. Co.*, 353 Pa. Super. 53, 57, 508 A.2d 1263, 1265–66 (1986). Johnson has failed to point to any facts which demonstrate a specific intent on the part of Provident to harm her. Therefore, Provident's motion for summary judgment will be granted on this final claim in Count V, and as to all claims in Count V.

In Count VI of her complaint, Johnson alleges that Provident breached the duty of good faith and fair dealing by failing to reinstate her after her maternity leave, and by breaching oral and written assurances that she would retain her job while functioning in an appropriate manner. Johnson has not pointed to any facts showing a contractual agreement regarding her con-

tinued employment, and under Pennsylvania law, there is no duty of good faith and fair dealing where the employment relationship is at-will. *Engstrom v. John Nuveen & Co., Inc.,* 668 F.Supp. 953, 958 (E.D.Pa.1987).

In Count VII of her complaint, Johnson alleges a claim against Provident for intentional infliction of emotional distress. Provident's motion for summary judgment as to this claim will be granted.

█ Johnson claims that she learned of her termination by Provident no earlier than July 7, 1984.[5] Her original complaint was filed on April 28, 1987. Under Pennsylvania law, Johnson's intentional infliction of emotional distress claim is barred by the applicable statute of limitations.[6] *See Bruffett v. Warner Communications, Inc.,* 692 F.2d 910, 913–15 (3d Cir.1982).

Provident's motion for summary judgment on the intentional infliction of emotional distress claim is properly granted on other grounds as well. Johnson has not pointed to any facts which show a triable issue as to the outrageousness of Provident's conduct. Under Pennsylvania law, recovery is allowed for intentional infliction of emotional distress only in the most egregious circumstances. *See Bradshaw v. General Motors Corp.,* 805 F.2d 110, 114 (3d Cir.1986) ("substantial restrictions on this cause of action"); *Engstrom v. John Nuveen & Co., Inc.,* 668 F.Supp. 953, 959 (E.D.Pa.1987). Further, Johnson has pointed to no competent medical evidence to support the alleged emotional distress as required under *Kazatsky v. King David Memorial Park, Inc.,* 515 Pa. 183, 197, 527 A.2d 988, 995 (1987). Therefore, Johnson has failed to make a showing sufficient to establish an essential element of her case, and the entry of summary judgment against Johnson on the claim of intentional infliction of emotional distress is mandated. *Celotex Corp. v. Catrett,* 477 U.S. 317, 322, 106 S.Ct. 2548, 2552–2553, 91 L.Ed.2d 265 (1986).

Provident's motion for partial summary judgment will be granted as to Counts V, VI, and VII of Johnson's complaint will be denied. An appropriate order follows.

### ORDER

AND NOW, this 26th day of September, 1988, for the reasons set forth in the foregoing Memorandum, it is ORDERED that:

1. Defendant Provident National Bank's motion for summary judgment as to Counts V, VI and VII of plaintiff Tamara R. Johnson's complaint is GRANTED. Judgment is entered in favor of Provident National Bank and against Tamara R. Johnson as to Counts V, VI and VII.

2. Defendant Provident National Bank's motion for summary judgment as to Counts I and IV of plaintiff Tamara R. Johnson's complaint is DENIED. Defendant Provident National Bank shall file a responsive pleading to plaintiff's complaint within twenty (20) days of the date of this Order.

█

---

**5.** *See* Plaintiff's Answers to Defendant's Interrogatories, Defendant's Cross–Motion for Sanctions Exhibit F (filed February 29, 1988).

**6.** *See* 42 Pa.Cons.Stat.Ann. § 5524(2) (Purdon Supp.1988).