**McShane v. Recordex Acquisition Corp.**

*Alan M. Feldman,* for plaintiffs.

*David Zalesne, Mary E. Williams, Don Foster, Joseph Bradica, Ira Lefton* and *Andrew Soven,* for defendant.

BERNSTEIN, *J.,* July 9, 2004—Before the court is a claim for class action certification deriving from allegedly unlawful charges by defendant contract pursuant to its various health care providers to provide medical records. Pursuant to Pennsylvania Rule of Civil Procedure 1710(a), this court accompanies its order with the following findings of fact, conclusions of law, and discussion.

Plaintiffs claim that the charges billed for the production of medical records by defendant are in excess of the maximum permissible charges pursuant to the Medical Records Act, 42 Pa.C.S. §6152, effective 1998. This Act provides maximum per page charges which may be charged by any health care provider or employee of a health care facility for "paper copies" and for "copies

from microfilm." It is agreed by all parties that the defendant herein, pursuant to its contract with numerous Philadelphia area hospitals, charged the maximum rate permissible "for copies from microfilm" rather than the lower permissible maximum charges for paper copies for all records electronically retrieved.

Plaintiffs McShane are plaintiffs in a personal injury lawsuit whose attorneys were charged the microfilm copy rates for electronically retrieved medical records and eventually paid the higher rates when their lawsuit was resolved. Plaintiff Liss and Marion P.C. paid the microfilm rate on many copies retrieved by defendant electronically for them on behalf of their clients.

## DISCUSSION

The sole issue before this court is whether the prerequisites for certification as set forth in Pa.R.C.P. 1702 are satisfied. The purpose behind class action suits is "to provide a means by which the claims of many individuals may be resolved at one time, thereby eliminating the possibility of repetitious litigation and providing claimants with a method to seek compensation for claims that would otherwise be too small to litigate." *DiLucido v. Terminix International Inc.,* 450 Pa. Super. 393, 397, 676 A.2d 1237, 1239 (1996). For a suit to proceed as a class action, Rule 1702 of the Pennsylvania Rules of Civil Procedure requires that five criteria be met:

"(1) the class is so numerous that joinder of all members is impracticable;

"(2) there are questions of law or fact common to the class;

"(3) the claims or defenses of the representative parties are typical of the claims or defenses of the class;

"(4) the representative parties will fairly and adequately assert and protect the interests of the class under the criteria set forth in Rule 1709; and

"(5) a class action provides a fair and efficient method for adjudication of the controversy under the criteria set forth in Rule 1708."

Rule 1708 of the Pennsylvania Rules of Civil Procedure requires:

"In determining whether a class action is a fair and efficient method of adjudicating the controversy, the court shall consider among other matters the criteria set forth [below]

"(a) Where monetary recovery alone is sought, the court shall consider

"(1) whether common questions of law or fact predominate over any question affecting only individual members;

"(2) the size of the class and the difficulties likely to be encountered in the management of the action as a class action;

"(3) whether the prosecution of separate actions by or against individual members of the class would create a risk of

"(i) inconsistent or varying adjudications with respect to individual members of the class which would confront the party opposing the class with incompatible standards of conduct;

"(ii) adjudications with respect to individual members of the class which would as a practical matter be dispositive of the interests of other members not parties to

the adjudications or substantially impair or impede their ability to protect their interests;

"(4) the extent and nature of any litigation already commenced by or against members of the class involving any of the same issues;

"(5) whether the particular forum is appropriate for the litigation of the claims of the entire class;

"(6) whether in view of the complexities of the issues or the expenses of litigation the separate claims of individual class members are insufficient in amount to support separate actions;

"(7) whether it is likely that the amount which may be recovered by individual class members will be so small in relation to the expense and effort of administering the action as not to justify a class action.

"(b) Where equitable or declaratory relief alone is sought, the court shall consider

"(1) the criteria set forth in subsections (1) through (5) of subdivision (a), and

"(2) whether the party opposing the class has acted or refused to act on grounds generally applicable to the class, thereby making final equitable or declaratory relief appropriate with respect to the class.

"(c) Where both monetary and other relief is sought, the court shall consider all the criteria in both subdivisions (a) and (b)."

The burden of showing each of the elements in Rule 1702 is initially on the moving party. This burden "is not heavy and is thus consistent with the policy that 'decisions in favor of maintaining a class action should be liberally made.' " *Cambanis v. Nationwide Insurance Co.,*

348 Pa. Super. 41, 45, 501 A.2d 635, 637 (1985). The moving party need only present evidence sufficient to make out a prima facie case "from which the court can conclude that the five class certification requirements are met." *Debbs v. Chrysler Corp.,* 810 A.2d 137, 153-54 (Pa. Super. 2002) (quoting *Janicik v. Prudential Insurance Co. of America,* 305 Pa. Super. 120, 130, 451 A.2d 451, 455 (1982)).

In other contexts, the prima facie burden has been construed to mean "some evidence," "a colorable claim," "substantial evidence," or evidence that creates a rebuttable presumption that requires the opponent to rebut demonstrated elements. In the criminal law context, "the prima facie standard requires evidence of the existence of each and every element . . . ." *Commonwealth v. Martin,* 727 A.2d 1136, 1142 (Pa. Super. 1999), *alloc. denied,* 560 Pa. 722, 745 A.2d 1220 (1999). However, "the weight and credibility of the evidence are not factors at this stage . . . ." *Commonwealth v. Marti,* 779 A.2d 1177, 1180 (Pa. Super. 2001).

In the family law context, "the term 'prima facie right to custody' means only that the party has a colorable claim to custody of the child." *McDonel v. Sohn,* 762 A.2d 1101, 1107 (Pa. Super. 2000). Similarly, in the context of employment law, the Commonwealth Court has opined that a prima facie case can be established by "substantial evidence" requiring the opposing party to affirmatively rebut that evidence. See *e.g., Williamsburg Community School District v. Commonwealth of Pennsylvania, Pennsylvania Human Relations Commission,* 99 Pa. Commw. 206, 512 A.2d 1339 (1986).

Courts have consistently interpreted the phrase "substantial evidence" to mean "more than a mere scintilla,"

but evidence "which a reasonable mind might accept as adequate to support a conclusion." *SSEN Inc. v. Borough Council of the Borough of Eddystone,* 810 A.2d 200, 207 (Pa. Commw. 2002). In *Grakelow v. Nash,* 98 Pa. Super. 316 (1929), a tax case, the Superior Court said: "To ordain that a certain act or acts shall be prima facie evidence of a fact means merely that from proof of the act or acts, a rebuttable presumption of the fact shall be made; . . . it attributes a specified value to certain evidence but does not make it conclusive proof of the fact in question."

Class certification is a mixed question of fact and law. *Debbs v. Chrysler Corp.,* 810 A.2d 137, 154 (Pa. Super. 2002). The court must consider all the relevant testimony, depositions and other evidence pursuant to Rule 1707(c). In determining whether the prerequisites of Rule 1702 have been met, the court is only to decide who shall be the parties to the action and nothing more. The merits of the action and the plaintiffs' right to recover are excluded from consideration (1977 explanatory comment to Pa.R.C.P. 1707). Where evidence conflicts, doubt should be resolved in favor of class certification.

Accordingly, this court must refrain from ruling on plaintiff's ultimate right to achieve any recovery, or the substantive merits of defenses raised. In making a certification decision, "courts in class certification proceedings regularly and properly employ reasonable inferences, presumptions, and judicial notice." *Janicik,* 305 Pa. Super. at 128, 451 A.2d at 454.

"The burden of proof to establish the five prerequisites to class certification lies with the class proponent; however, since the hearing on class certification is akin to a preliminary hearing, it is not a heavy burden." *Pro-*

*fessional Flooring Co. v. Bushar Corp.,* 61 D.&C.4th 147, 153 (Montg. Cty. 2003), citing *Debbs v. Chrysler Corp.,* 810 A.2d 137, 153 (Pa. Super. 2002); *Janicik v. Prudential Insurance Co. of America,* 305 Pa. Super. 120, 130, 451 A.2d 451, 455 (1982). See also, *Baldassari v. Suburban Cable TV Co. Inc.,* 808 A.2d 184, 189 (Pa. Super. 2002); *Cambanis v. Nationwide Insurance Co.,* 348 Pa. Super. 41, 501 A.2d 635 (1985). The prima facie burden of proof standard at the class certification stage is met by a qualitative "substantial evidence" test. Where any contrary evidence is presented it is of course the moving party who bears the risk of non-persuasion.

Our Superior Court has instructed that it is a strong and oft-repeated policy of this Commonwealth that decisions applying the rules for class certification should be made liberally and in favor of maintaining a class action. *Weismer by Weismer v. Beech-Nut Nutrition Corp.,* 419 Pa. Super. 403, 407, 615 A.2d 428, 431 (1992). See also, *Janicik,* 305 Pa. Super. at 128, 451 A.2d at 454, citing and quoting *Esplin v. Hirschi,* 402 F.2d 94, 101 (10th Cir. 1968) ("in a doubtful case . . . any error should be committed in favor of allowing the class action").

Likewise, the Commonwealth Court has held that "in doubtful cases, any error should be committed in favor of allowing class certification." *Foust v. SEPTA,* 756 A.2d 112, 118 (Pa. Commw. 2000). This philosophic approach is further supported by the consideration that "[t]he court may alter, modify, or revoke the certification if later developments in the litigation reveal that some prerequisite to certification is not satisfied." *Janicik,* 305 Pa. Super. at 129, 451 A.2d at 454.

Within this context, the court will examine the requisite factors for class certification.

## A. *The Proposed Class of Individuals on Whose Behalf Medical Records Were Requested*

The evidence demonstrates that it was always law firms, acting on behalf of clients, who ordered records, were billed for records and paid allegedly excessive fees. As defendant correctly stated in its memorandum contra certification: "The law firms request the records, in part, to advance their own economic interests in pursuing personal injury claims. And the law firms are the entities that are in contractual privity with Recordex. Any claims of the McShanes—or any other clients of firms included in the alleged class—would simply be derivative of the claims of the lawyers." There is no evidence of any direct orders for records from, or allegedly excessive billing to, any individual plaintiffs.

The members of the injured plaintiff class cannot be identified: "*except through the law firm who were in direct contractual privity with both Recordex and their clients. The request that Recordex receives, and the invoices it generates, identify the requesting law firm, not the client of the firms; the patient name is not necessarily the name of the client, who may be a spouse, parent, or a surviving family member. Identifying the class members who are clients of the firms would require the firms themselves to provide information from their files, including not only the identities of the clients, but whether the clients reimbursed the law firms for the cost of obtaining the records.*" All reimbursements, should there be any, will necessarily be made through the appropriate law firm.

Whether one views the individual injured plaintiff's claims as "derivative" of the law firm's class claims because the law firms paid the charges or conversely one

views the law firm class claims as derivative of the injured plaintiff's claims because all charges paid were on behalf of their clients, the two proposed classes are clearly presenting identical claims. Any potential claims of the proposed class of individual plaintiffs are entirely overlapping and duplicative of the claims of the second proposed class of attorneys and law firms.

Clearly, the proposed class of injured parties whose records were requested by their lawyers present serious management difficulties. The interests of the members of this class can and will be fully protected by the other proposed class, the attorneys who requested and paid for medical records because they represented the injured plaintiffs in their original cases.

Accordingly, certification is denied as to the proposed class of injured plaintiffs whose medical records were requested and for the reasons set forth below, granted as to the other proposed class.

## I. Numerosity

To be eligible for certification, appellant must demonstrate that the class is "so numerous that joinder of all members is impracticable." Pa.R.C.P. 1702(1). A class is sufficiently numerous when "the number of potential individual plaintiffs would pose a grave imposition on the resources of the court and an unnecessary drain on the energies and resources of the litigants should such potential plaintiffs sue individually." *Temple University of the Commonwealth System of Higher Education v. Pennsylvania Department of Public Welfare,* 30 Pa. Commw. 595, 603, 374 A.2d 991, 996 (1977) (123 members sufficient); *ABC Sewer Cleaning Co. v. Bell of Pa.,*

293 Pa. Super. 219, 438 A.2d 616 (1981) (250 members sufficient); *Ablin Inc. v. Bell Telephone Company of Pennsylvania,* 291 Pa. Super. 40, 435 A.2d 208 (1981) (204 plaintiffs sufficiently numerous). Appellant need not plead or prove the actual number of class members, so long as he is able to "define the class with some precision" and provide "sufficient indicia [to the court] that more members exist than it would be practicable to join." *Janicik,* 305 Pa. Super. at 132, 451 A.2d at 456.

With respect to the lawyer and law firm class, plaintiffs have offered exhibit no. 14 revealing the percentage of provided records which are billed according to the schedule for paper retrieval even though retrieved electronically. This exhibit reveals that in excess of 700,000 pages of electronically retrieved medical records were billed at the microfilm rate. While no evidence whatsoever was presented of record as to the number of law firms involved, defendant herein was the provider of medical records for 17 major hospitals in the Philadelphia area. From this fact the court concludes that the individual attorney and attorney firm class meets the requirement of numerosity. Additionally, it is noted that, while the defendants challenge the possibility of a proper class action, generally they do not contest the claim of numerosity.

Defendant does claim that no class should be certified because of a lack of privity between the individuals on whose behalf attorneys ordered records and the defendant. This claim goes to the substance of the matter and is not a proper basis on which certification may be denied. The court notes that whether or not any claim is presented due to lack of privity is a matter properly re-

solved by preliminary objection, judgment on the pleadings or summary judgment which have either already been ruled upon or by decision never filed.[1]

The attorneys for whom a class is herein certified ordered records on behalf of their clients. Any "overpayments" on cases which have been resolved have been passed on as costs to individual clients and therefore any recovery would likewise necessarily be transmitted to the "overcharged" clients. This court may rely on the professional and legal obligations of the bar to perform this function. Any individual law firms that are unable or unwilling to disgorge any recovery herein to its rightful recipient, clients or others who have been overcharged, may and should avail themselves of the opportunity to opt out of this class action.

Since the defendant herein provided exclusive medical records services to major hospitals and always charged the same rates, numerosity as to law firms has been demonstrated.

## II. Commonality

The second prerequisite for class certification is that "there are questions of law or fact common to the class." Pa.R.C.P. 1702(2). Common questions exist "if the class members' legal grievances arise out of the 'same practice or course of conduct' on the part of the class opponent." *Janicik, supra* at 133, 451 A.2d at 457. Thus, it is necessary to establish that "the facts surrounding each plaintiff's claim must be substantially the same so that proof as to one claimant would be proof as to all."

---

1. Preliminary objections have been overruled.

*Weismer by Weismer v. Beech-Nut Nutrition Corp.,* 419 Pa. Super. 403, 409, 615 A.2d 428, 431 (1992). However, where the challenged conduct affects the potential class members in divergent ways, commonality may not exist. *Janicik, supra* at 133 n.5, 451 A.2d at 457 n.5. "While the existence of individual questions is not necessarily fatal, it is essential that there be a predominance of common issues shared by all class members which can be justly resolved in a single proceeding." *D'Amelio v. Blue Cross of Lehigh Valley,* 347 Pa. Super. 441, 452, 500 A.2d 1137, 1142 (1985). In examining the commonality of the class' claims, a court should focus on the cause of injury and not the amount of alleged damages. "Once a common source of liability has been clearly identified, varying amounts of *damages* among the plaintiffs will not preclude class certification." See *Weismer by Weismer v. Beech-Nut Nutrition Corp.,* 419 Pa. Super. 403, 409, 615 A.2d 428, 431 (1992). (emphasis in original) Where there exists intervening and possibly superseding causes of damage, however, liability cannot be determined on a class-wide basis. *Cook v. Highland Water and Sewer Authority,* 108 Pa. Commw. 222, 231, 530 A.2d 499, 504 (1987).

Plaintiffs argue that questions of law and fact common to the class exist. Defendants claim that individual issues of law and fact exist and predominate. After reviewing the class action complaint filed in this matter along with testimony, documents, exhibits and the argument of counsel, this court finds that individual issues of law and fact do not predominate.

The only claim presented herein is a single question of law as to the proper interpretation of 42 Pa.C.S. §6152.

This question of statutory interpretation presented is, did the legislature, in enacting the Medical Records Act, which all parties concur is applicable to these charges, intend electronically retrieved copies not explicitly mentioned in the Act, to be charged at the rate for paper copies or the rate for copies of microfilm. Beyond that question of interpretation of law the only issues presented are the mathematical calculation of overcharges to and overpayment by each member of the class. The only issue presented is the interpretation of the law to the charges incurred for electronically retrieved records.

The claim presented satisfies the commonality requirement of Rule 1702(a)(2).

### III. Typicality

The third step in the certification test requires the plaintiff show that the class action parties' claims and defenses are typical of the entire class. The purpose behind this requirement is to determine whether the class representatives' overall position on the common issues is sufficiently aligned with that of the absent class members to ensure that pursuit of their interests will advance those of the proposed class members. *DiLucido v. Terminix International Inc.,* 450 Pa. Super. 393, 404, 676 A.2d 1237, 1242 (1996).

The named law firm is typical of all law firm claimants having paid allegedly higher rates for the electronically retrieved records. The requirement of typicality is met.

### IV. Adequacy of Representation

For the class to be certified, this court must also conclude that the plaintiffs "will fairly and adequately as-

sert and protect the interests of the class." Pa.R.C.P. 1702. In determining whether the representative parties will fairly and adequately represent the interests of the class, the court shall consider the following:

"(1) whether the attorney for the representative parties will adequately represent the interests of the class,

"(2) whether the representative parties have a conflict of interest in the maintenance of the class action, and

"(3) whether the representative parties have or can acquire adequate financial resources to assure that the interests of the class will not be harmed." Pa.R.C.P. 1709.

"[U]ntil the contrary is demonstrated, courts will assume that members of the bar are skilled in their profession." *Janicik,* 305 Pa. Super. at 136, 451 A.2d at 458. Here, defendants do not challenge plaintiffs' counsels' skill. The court presumes that counsel is skilled in their profession.

"[C]ourts have generally presumed that no conflict of interest exists unless otherwise demonstrated, and have relied upon the adversary system and the court's supervisory powers to expose and mitigate any conflict." *Janicik,* 305 Pa. Super. at 136, 451 A.2d at 458. Defendants argue that there are conflicts of interest between the representative of the class and other class members because of the relationship between the named plaintiff law firm and counsel for the class. This court has reviewed the claims of conflict and case law presented and finds the named class representatives' interests do not conflict with those of the proposed class and that no conflict exists between plaintiff's counsel and the named class representative or the class that precludes representation. The requirement of adequacy of representation has been met.

## V. Fair and Efficient Method of Adjudication

The final criteria under Pa.R.C.P. 1702 is a determination of whether a class action provides a fair and efficient method for adjudication of the controversy under the criteria set forth in Rule 1708. Since the court has determined that a class satisfies the other requirements of Pa.R.C.P. 1702 and plaintiffs also request equitable relief, it is necessary also to consider subdivisions (a) and (b) of Rule 1708.

### 1. *Predominance of common questions of law and fact*

The most important requirement in determining whether a class should be certified under 1702(a)(5) and 1708(a)(1) is whether common questions of law and fact predominate over any question affecting only individual members. In addition to the existence of common questions of law and fact, plaintiffs must also establish that the common issues predominate. The analysis of predominance under Rule 1708(a)(1) is closely related to that of commonality under Rule 1702(2). *Janicik, supra* at 141, 451 A.2d at 461. The court adopts and incorporates its analysis of commonality and concludes that the requirement of predominance has been satisfied. As stated above, the only claim presented is the interpretation of statute, and if any overbilling has occurred, the mathematical calculation of refunds owing.

### 2. *The existence of serious management difficulties*

Under Pa.R.C.P. 1708(2), a court must also consider the size of the class and the difficulties likely to be en-

countered in the management of the action as a class action. While a court must consider the potential difficulties in managing the class action, any such difficulties generally are not accorded much weight. Problems of administration alone should not ordinarily justify the denial of an otherwise appropriate class action, for to do so would contradict the policies underlying this device. *Yaffe v. Powers,* 454 F.2d 1362 (1st Cir. 1972). Rather, the court should rely on the ingenuity and aid of counsel and upon its plenary authority to control the action to solve whatever management problems the litigation may bring. *Id.* (citing *Buchanan v. Brentwood Federal Savings & Loan Assoc.,* 457 Pa. 135, 320 A.2d 117 (1974)). Defendants argue that class treatment would not be fair and reasonable since there are individual fact issues which render class treatment unmanageable. However, the only individual issue presented is the simple mathematical calculation of the amount of overbilling, if any, attributable to each class member. No other individual issues whatsoever have been presented to the court. Whatever management problems remain, this court will rely upon the ingenuity and aid of counsel and upon the court's plenary authority to control the action. *Janicik,* 305 Pa. Super. at 142, 451 A.2d at 462.

### 3. *Potential for inconsistent adjudications*

Pennsylvania Rule 1708(a)(3) also requires a court to evaluate whether the prosecution of separate actions by or against individual members of the class would create a risk of inconsistent or varying adjudications with respect to individual members of the class. In considering the separate effect of actions, the precedential effect of a

decision is to be considered as well as the parties' circumstances and respective ability to pursue separate actions. *Janicik,* 305 Pa. Super. at 143, 415 A.2d at 462. There should be no risk of inconsistent final adjudications since the only claim presented is the interpretation of statute. Nonetheless, as a certified class one case will determine liability and a multiplicity of litigation is rendered unnecessary and the potential for inconsistent adjudications at the trial level is eliminated.

### 4. *Extent and nature of any preexisting litigation and the appropriateness of this forum*

Under Pa.R.C.P. 1708(a)(4) and (a)(5), a court should consider the extent and nature of any litigation already commenced by or against members of the class involving any of the same issues. This court has not been advised of any other litigation and finds that this forum is appropriate to litigate the claims presented.

### 5. *The separate claims of the individual plaintiffs are insufficient in amount to support separate claims or their likely recovery*

Rule 1708 also requires the court to consider the amount of damages sought by the individual plaintiffs in determining the fairness and efficiency of a class action. Thus, a court must analyze whether in view of the complexities of the issues or the expenses of litigation the separate claims of individual class members are insufficient in amount to support separate amounts. Pa.R.C.P. 1708(a)(6). Alternatively, the rules ask the court to analyze whether it is likely that the amounts which may be recovered by individual class members will be

so small in relation to the expense and effort of administering the action as not to justify a class action. Pa.R.C.P. 1708(a)(7). This criteria is rarely used to disqualify an otherwise valid class action claim. See *Kelly v. County of Allegheny,* 519 Pa. 213, 215-16, 546 A.2d 608, 609 (1988) (Trial court erred in refusing to certify a class on the grounds that the class members' average claim was too small in comparison to the expenses incurred.). However, in *Klusman v. Bucks County Court of Common Pleas,* 128 Pa. Commw. 616, 631, 564 A.2d 526, 534 (1989), the court said: "Where the issue of damages does not lend itself to a mechanical calculation, but requires separate mini-trials of a large number of individual claims, courts have found that the staggering problem of logistics make the damage aspect of the case predominate and renders the class unmanageable as a class action. *State of Alabama v. Blue Bird Body Co. Inc.,* 573 F.2d 309 (5th Cir. 1978)."

"To verify that each of the 108,107 claims suffered actual damages would present an administrative nightmare because of the overwhelming number of transactions between parties that would be required to be examined. *Mekani v. Miller Brewing Co.,* 93 F.R.D. 506 (E.D. Mich. 1982). Petitioners argue these determinations go to the merits. This evaluation of the question of manageability, though ultimately involved with the merits, must be examined in order to determine the efficiency of the class action. *In re Industrial Gas Litigation,* 100 F.R.D. 280 (N.D. Ill. 1983). We recognize that numerous courts have certified classes of large numbers with small amounts of potential recovery." *Klusman,* 128 Pa. Commw. at 632, 564 A.2d at 534. (footnote omitted) The

court therein refused to certify a class whose average recovery would have been $3.55.

Herein, the amounts claimed will vary tremendously. Some sole practitioners in Philadelphia may have only one "overbilling" which may amount to only a few dollars. Other large law firms may be owed thousands of dollars over the several years involved in obtaining records from 16 major hospitals. For many class members, the amounts involved may not warrant individual litigation and thus class litigation is the only remedy. For other class members, the amounts may be substantial. This criteria for certification has been fulfilled.

### Appropriateness of equitable or declaratory relief

Since plaintiffs seek equitable relief in the form of an order requiring defendant to obey the law of Pennsylvania once that law has been interpreted and ambiguity removed, it is necessary to consider the criteria set forth in Pa.R.C.P. 1708(b). Under Pa.R.C.P. 1708(b)(2), where equitable relief is sought, a court should consider whether the party opposing the class has acted or refused to act on grounds generally applicable to the class, thereby making final equitable or declaratory relief appropriate with respect to the class. The defense concedes that it will obey the proper interpretation of the applicable Act once ambiguity of interpretation is eliminated. Nonetheless, the simplicity of this claim does not bar class treatment nor prohibit the request for injunctive relief. Class action treatment is appropriate.

Having weighed the Rule 1702 requirements, this court finds that a class action is a fair and efficient method for adjudicating plaintiffs' claim and an appropriate order is issued herewith.

## CONCLUSIONS OF LAW

(1) The class of attorneys and law firms is sufficiently numerous that joinder of all its members would be impracticable.

(2) There are questions of law and fact common to the class.

(3) The claims presented by the individual law firm plaintiff is typical of the class claims.

(4) Plaintiffs will fairly and adequately assert and protect the interests of the class under the criteria set forth in Pa.R.C.P. 1709.

(5) Allowing a class claim provides a fair and efficient method for adjudication of the criteria set forth in Pa.R.C.P. 1708.

## CONCLUSION

For these reasons, this court grants plaintiffs' motion for class certification in part. Plaintiffs' counsel are appointed as counsel for the class. The parties shall submit proposals for a notification procedure and proposed forms of notice for class members within 30 days from the date of this order.

A contemporaneous order consistent with this opinion is filed.

## ORDER

And now, July 9, 2004, upon consideration of plaintiffs' motion for class certification, all responses in opposition, the respective memoranda, all matters of record, and in accordance with the contemporaneous memoran-

dum opinion, it hereby is ordered and decreed as follows:

(1) Plaintiffs' motion for class certification is granted in part.

(2) This action is hereby certified as a class action. This class shall consist of:

"All individuals and entities who, with respect to a request or subpoena for medical records or charts of health care provider or employee of any health care provider licensed under the laws of the Commonwealth of Pennsylvania, were billed for or paid to one or both of the defendants either or each of the following: (1) a charge for copies of records greater than the amounts prescribed by the Secretary of Health under the Medical Records Act, 42 Pa.C.S. §6152 et seq.; and (2) an unauthorized and/or unreasonable charge for copies from media not specifically provided for in the MRA. The class shall exclude class counsel, their law firm, and any lawyer or employee of their law firm."

(3) The law firm of Liss and Marion P.C. is the class representative.

(4) Alan M. Feldman and Thomas More Marrone shall serve as counsel for the class.

(5) Certification is denied as to other proposed classes.

(6) The parties shall submit proposals for a notification procedure and proposed forms of notice for class members within 30 days from the date of this order.

(7) A case management conference for trial is scheduled for September 13, 2004, beginning at 9:30 a.m. in room 530 City Hall.